## Charles L. Ortmann v. Robert C. Wilson.

*Finding of facts not reviewed, on error.* Where the court below has found as a fact that the goods, for which the plaintiff sought to recover, were purchased of plaintiff by defendant, and credit for the same was given exclusively and solely to the defendant, this court, on writ of error, will not review said finding, to determine whether in fact the goods were not purchased by, and credit given to, a third party.

*Heard and decided July 10.*

Error to Wayne Circuit.

This was an action of assumpsit brought by Robert C. Wilson, against Charles .L. Ortmann, to recover the purchase price of certain goods sold and delivered. The defense was, that the goods were sold and delivered to one Kate E. Thornton, and not to the defendant, and that the said Kate E. Thornton, and no other person, became liable therefor; and that said defendant did not undertake, or promise in writing, to pay the plaintiff for said goods. The cause was tried by the court without a jury, and the circuit judge filed a written finding as follows, viz:

"I find from the evidence as matter of fact that the goods and merchandise mentioned in plaintiff's bill of particulars were purchased of plaintiff by the defendant, and credit for the same, so far as credit was given, was given exclusively and solely to said defendant.

"From the foregoing facts I find as conclusion of law that the plaintiff is entitled to recover the sum of $422 63. Judgment for plaintiff for that amount, and costs to be taxed."

It was assigned as error, that "the court found from the evidence in the said case in the court below, that the goods mentioned in said plaintiff's bill of particulars therein were purchased of said Robert C. Wilson, by said Charles L. Ortmann, and credit for the same was given, so far as rcedit was given, exclusively and solely to said Ortmann."

*L. T. Durand,* for plaintiff in error.

*C. J. Reilly* and *Moore & Griffin,* for defendant in error, were stopped by the court.

PER CURIAM.

The circuit judge has found the facts, and from the finding we have no doubt that the judgment was correct. He finds as matter of fact, that the credit was given to the defendant. This finding we cannot review. The judgment must therefore be affirmed with costs.

———◆———

## The People on the relation of The County of Houghton v. The Commissioner of the State Land Office.

*Statute construed.* The fourth section of the act of March 20, 1863 (*Sess. L., 1863, p. 417*), was intended to give to the respective counties, in said act referred to, the right to make selection of lands to be withheld from sale, according to the conditions of said act, at any time after its passage, as well before as after the work was done. But it withdrew nothing from the market until the commissioner should be notified of the selection. The time which would govern as to the right of selection would, therefore, necessarily be the time of such notice to the commissioner. If the land selected was not then excepted or reserved from the operation of the appropriation made by the act, the county would be entitled to patents for the due proportion of the lands thus selected, as each ten consecutive miles of the said road should be completed according to the provisions of said act.

*Order of selection.* The relator having made selections of lands under said act and notified the commissioner thereof by sending him a list thereof, at two different times, and these two lists containing an excess in the aggregate of the amount which the relator was entitled to so select and withhold under said act, the right of selection must be held to attach to each parcel in the order of its selection, which is the order in which the several descriptions are mentioned on said lists. And in pursuing this order, any particular tract or tracts which might have been sold before the commissioner was notified of the selection, and any tract for any cause not liable to be selected, must be entirely omitted and the list treated in all respects as if such tract or tracts had never been included among the descriptions. But the relator had no right to select or keep out of the market any more than the amount of land authorized by said act to be selected.